## UNITED STATES v. HARTFORD EASTERN RY. CO.

District Court, W. D. Washington, N. D. February 28, 1929.

No. 12504.

524

Anthony Savage, U. S. Atty., and Jeffrey Heiman, Asst. U. S. Atty., both of Seattle, Wash., and Albert E. Isley, Sp. Counsel for Interstate Commerce Commission, Bureau of Locomotive Inspection, of Washington, D. C., for the United States.

W. P. Bell and Coleman & Fogarty, all of Everett, Wash., for defendant.

NETERER, District Judge. ▇▇▇ The provisions of this act should be liberally construed to effectuate the obvious purpose of the Congress. Hines v. Smith (C. C. A.) 275 F. 766. The duty imposed is mandatory and absolute. Seaboard Air Line Railway Co. v. Gerow, 269 U. S. 584, 46 S. Ct. 121, 70 L. Ed. 425.

Section 23, title 45, USCA, makes it unlawful for the carrier to use any locomotive, etc., unless all its parts are in safe condition to operate *in the service to which the same is put and all parts have been inspected from time to time in accordance with the provisions of the act.* See, also, sections 28, 29, 30, and 32, title 45, USCA.

Section 29, title 45, USCA, provides among other things, that the inspector shall see that inspection in accordance with rules and regulations and reports are made, to the end that the carrier shall file with the inspector reports required by the rules and regulations; and whenever any boiler or apparatus, etc., does not conform to the law or the rules and regulations, the inspector shall notify the carrier in writing that the locomotive, etc., is not in serviceable condition, and thereafter it shall not be used until in serviceable condition.

▇▇ In the instant case the engineer was the carrier's inspector and testified that the locomotive was in fit condition, but the required test, due March 18, was not made, and report was not made and filed within 90 days with the district inspector. The fact that the carrier's inspector was the engineer does not relieve the carrier from complying with the provisions of the law and the rules and regulations.

Section 28, title 43, USCA, fixes the status of the locomotive. Section 29 fixes the duty of the carrier with relation to the locomotive, etc., and requires of him certain inspections and advisory reports as to its condition, and the inspector is charged with directing reports, etc., to be made, to the end that the carrier shall file with the inspector the required reports, and also to familiarize himself with each engine in his district, and when

it is disclosed, obviously either from his personal knowledge of the engine or by the carrier's inspection report that the locomotive, etc., is not in serviceable condition, to notify the carrier in writing, and the locomotive may not be used until in serviceable condition.

Section 34, title 45, USCA, fixes the penalty for the violation of any of the provisions of the act or "any rule or regulation made under such provisions or any lawful order of any inspector." The carrier violated the law and the rules and regulations charged in each of the counts. The court has no discretion. The penalty is fixed at a stated sum, and a judgment is accordingly directed.